IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSHUA TODD WOOLRIDGE,
No. 25799-045,

Petitioner,

vs.                                                                  Case No. 15-cv-156-DRH

BUREAU of PRISONS
(at FCI-Greenville),

Respondent.

MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the FCI-Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence. Specifically, he seeks restoration of 41 days of good conduct credit which was revoked when he was found guilty of a disciplinary infraction in January 2015.

Petitioner filed this action on February 12, 2015 (Doc. 1). On March 2, 2015, he filed a "notice of motion to legally update the court of a legal response from the warden" (Doc. 5), which was docketed as a motion. Insofar as this motion seeks to inform the Court of the specific dates of petitioner's projected release in light of the revoked good conduct credits, the motion (Doc. 5) is

**GRANTED**.

Prior to the disciplinary infraction, petitioner had been scheduled for release to a halfway house (Residential Re-entry Center) on March 10, 2015, and for release from custody on September 5, 2015 (Doc. 5, p. 2). However, due to the 41-day revocation, his halfway house transfer was moved back to April 14, 2015, and his release date delayed to October 11, 2015. *Id.*

The disciplinary action was brought after a homemade weapon was found behind a light fixture in the cell petitioner shared with two other inmates (Doc. 1, p. 3). All three of the cell's occupants were found guilty, despite the fact that one of petitioner's cellmates confessed that the weapon belonged to him. Petitioner asserts that he was denied due process in the disciplinary proceeding. He knew nothing about the weapon, and he was found guilty on the theory of "constructive possession," merely because the item was found in a common area of the cell. He further claims that his due process rights in the disciplinary hearing were violated because he was denied a "staff witness" to assist him (Doc. 1, p. 4). Finally, during the hearing, even though the cellmate had confessed, the presiding officer told petitioner that "I am going to find you all three guilty of this infraction[.] This is the way we do it here at Greenville" (Doc. 1, p. 5).

In consideration of the hearing officer's statement, the cellmate's confession, and the lack of direct evidence of petitioner's knowledge or actual possession of the weapon, petitioner presents a due process challenge to the sufficiency of the evidence that precludes dismissal of the petition at this time.

*See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (revocation of good conduct credits must be supported by "some evidence" in order to satisfy due process concerns); *Austin v. Pazera*, __ F.3d __, No. 14-2574, 2015 WL 710356 (7th Cir. Feb. 19, 2015); *Grandberry v. Smith*, 754 F.3d 425, 426 (7th Cir. 2014).

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b)[1] of the Rules Governing Section 2254 Cases in United States District Courts.

A separate order shall be entered to address petitioner's pending motion for leave to proceed *in forma pauperis* ("IFP") in this action (Doc. 3).

Petitioner has named the Bureau of Prisons (FCI-Greenville) as the respondent in this action. However, in a habeas corpus proceeding, the proper respondent is the prisoner's custodian; in other words, the warden of the prison where the inmate is confined. *See* 28 U.S.C. § 2242 (an application for a writ of habeas corpus shall name the *person* who has custody over the applicant); *Rumsfeld v. Padilla,* 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim,* 443 F.3d 946, 948-49 (7th Cir. 2006); *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996).

Accordingly, the Clerk is **DIRECTED** to terminate the Bureau of Prisons as the respondent in this action, and add the Warden, FCI-Greenville as the respondent. *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d).

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

In any future documents filed in this case, petitioner shall identify the Warden by his proper name.

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered (**on or before April 6, 2015**).[2] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**<u>In light of the impending transfer and outdate for the petitioner all deadlines and handling for this case shall be expedited.</u>**

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later

---

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Signed this 5th day of March, 2015.

Digitally signed by David R. Herndon
Date: 2015.03.05 09:01:08 -06'00'

**United States District Judge**