IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| JOSHUA TODD WOOLRIDGE, | ) |
| --- | --- |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No. 15-cv-156-CJP[1] |
| | ) |
| WARDEN, FCI-GREENVILLE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Joshua Todd Woolridge filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the imposition of sanctions against him, including the loss of good conduct credit, pursuant to prison disciplinary proceedings. (Doc. 1).

### Relevant Facts and Procedural History§

Petitioner was convicted in the District Court for the Western District of Missouri of failing to register as a sex offender. In March 2014, he was sentenced to thirty months imprisonment, to be followed by five years of supervised release. *United States v. Woolridge*, Case No. 13-cr-242-BP, Western District of Missouri.

On January 4, 2015, when petitioner was assigned to FCI Greenville, a correctional officer wrote an incident report charging petitioner with possession of a weapon. This report was based on the presence of a homemade weapon behind the light above the sink in petitioner's cell. Petitioner and two other inmates

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 14.

1

shared that cell. A hearing was held on January 27, 2015, and petitioner was found guilty. As is relevant here, he was sanctioned with the loss of forty-one days of good conduct time. See, Doc. 1, pp. 9-11.[2]

Woolridge filed an administrative remedy (grievance) and, as a result, the incident report was returned to the institution for reconsideration. Doc. 18, Ex. 2, p. 23.

A new hearing was held in May 2015, and Woolridge was again found guilty and sanctioned with the loss of forty-one days of good conduct time. Woolridge was transferred to a halfway house sometime between the return of the incident report for reconsideration and the second hearing. Doc. 26, Ex. 1 & 2.

Petitioner began serving his sentence of supervised release in October 2015. See, Doc. 27.

## Grounds for Habeas Relief

In his habeas petition, Woolridge challenges the sufficiency of the evidence presented at the January 2015 hearing. See, order on preliminary review, Doc. 6.

## Analysis

The petition must be dismissed because it is moot.[3]

Inmates retain due process rights in connection with prison disciplinary proceedings, but such proceedings "are not part of a criminal prosecution, and

---

[2] The Court uses the document, exhibit and page numbers assigned by the CM/ECF electronic filing system.

[3] The fact that petitioner is now out of prison and is serving his sentence of supervised release does not, by itself, render his petition moot. *White v. Indiana Parole Board*, 266 F.3d 759, 763 (7th Cir. 2001).

2

the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 94 S.Ct. 2963, 2975 (1974). The minimum requirements of due process in such proceedings are (1) receipt of written notice of the charges in advance of the hearing, (2) an opportunity to be heard before an impartial decision maker, (3) the right to call witnesses and present evidence where same will not be unduly hazardous to safety or correctional goals, and (4) a written statement as to the evidence relied on and the reason for the decision. *Wolff*, 94 S.Ct. at 2978-2980; *Henderson v. U.S. Parole Commission*, 13 F.3d 1073, 1077 (7th Cir. 1994).

The findings of the disciplinary hearing officer must be supported by "some evidence in the record." *Superintendent v. Hill*, 105 S.Ct. 2768, 2773 (1985). The evidence need not be sufficient to logically exclude any result except the one reached by the prison decision maker. *Viens v. Daniels*, 871 F. 2d 1328, 1334-1335 (7th Cir. 1989). In addition, only evidence that was presented to the hearing officer is relevant to the determination of whether there was "some evidence." *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992).

Petitioner challenges the sufficiency of the evidence that was presented at the first disciplinary hearing in January 2015. However, that decision was vacated in response to petitioner's grievance, and a new hearing was held in May 2015.

Any opinion rendered by this Court as to the validity of the January 2015 hearing would be nothing more than an advisory opinion. Article III, §2 of the

3

United States Constitution limits the jurisdiction of a federal court to live "Cases" and "Controversies." There is no live case or controversy as to the January 2015 hearing. Further, petitioner has not filed anything with this Court suggesting that the May 2015 hearing did not meet the *Wolff* requirements. Therefore, the petition is moot and must be dismissed. "[C]ases that do not involve 'actual, ongoing controversies' are moot and must be dismissed for lack of jurisdiction." *Federation of Advertising Industry Representatives v. Chicago*, 326 F.3d 924, 929 (7th Cir. 2014).

## Conclusion

Because the claim set forth in the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is moot, this action is **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATE: November 20, 2017.**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**

## **Notice**

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).